RISSMILLER PLLC
EMPLOYMENT LAW FIRM

5 PENNSYLVANIA PLAZA, 19TH FLOOR
NEW YORK, NY 10001
TEL 646.664.1412
WWW.RISSMILLER.COM

**Jazly Liriano**
jliriano@rissmiller.com

November 17, 2026

MEMORANDUM ENDORSED

**VIA ECF**

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Byers v. SLH Management, LLC, et al.*, No. 1:25-cv-06259 (ALC) (GWG) — Deposition of Non-Party Bijay Gurung and Request to So-Order Subpoena

Dear Judge Gorenstein:

We represent Plaintiff Carissa Byers and write to advise the Court of the date set for non-party Bijay Gurung's deposition and to respectfully request that the Court so-order the attached subpoena.

On November 16, 2026, the Court granted Plaintiff's application to compel Mr. Gurung to appear for a deposition on or before December 14, 2026 and to produce the documents listed in Attachment A to his subpoena. ECF No. 57. The parties have agreed to hold the deposition on December 7, 2026, beginning at 10:00 a.m. The deposition will proceed remotely at https://app.remotelegal.com/deposition/join/0bc8e333-5f3b-4783-9abd-534fb8f7c9ed. Although Plaintiff previously advised that the renewed subpoena would designate Plaintiff's counsel's office as the place of compliance (ECF No. 56 at 3), the parties have agreed under Rule 30(b)(4) to take the deposition remotely.

The Court granted Plaintiff's application by endorsing her letter. Mr. Gurung did not appear for his May 15, 2026 deposition and has not responded to Plaintiff's counsel's calls or text messages. To ensure that he understands he is under a court order to appear, Plaintiff respectfully requests that the Court so-order the renewed subpoena attached as Exhibit A. The subpoena directs Mr. Gurung to appear for his deposition on December 7, 2026 at 10:00 a.m. and to produce the documents listed in Attachment A by December 1, 2026. It also sets out Rule 45(g), under which the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

Once the subpoena is so-ordered, Plaintiff will serve it, together with ECF No. 57, and this letter on Mr. Gurung by delivery to his residence, first-class mail, and text message, as the Court authorized. ECF No. 57.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Jazly Liriano*
Jazly Liriano

cc: All counsel of record (via ECF)
Bijay Gurung (by residence delivery, first-class mail, and text message)

**SO ORDERED.**

Hon. Gabriel W. Gorenstein, U.S.M.J.

Dated: New York, New York
November 18, 2026

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| Carissa Byers<br>*Plaintiff*<br>v.<br>SLH Management, LLC d/b/a P.J. Clarke's Lincoln Square, Philip Scotti, and Pedro Angel<br>*Defendant* | ) | Civil Action No. 1:25-cv-06259-ALC-GWG |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Bijay Gurung

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Attachment A.

| Place: | Date and Time: |
|---|---|
| Remote deposition by videoconference at https://app.remotelegal.com/deposition/join/0bc8e333-5f3b-4783-9abd-534fb8f7c9ed | December 7, 2026 10:00 am |

The deposition will be recorded by this method: Audio, video, and stenographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A (produce electronically via email to jliriano@rissmiller.com by December 1, 2026)

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ______________

*CLERK OF COURT*

OR

______________________ *Signature of Clerk or Deputy Clerk*

______________________ *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Carissa Byers , who issues or requests this subpoena, are:

Jazly Liriano, Rissmiller PLLC, 5 Pennsylvania Plaza, 19th Floor, New York, NY 10001, jliriano@rissmiller.com (646) 248-7811

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:25-cv-06259-ALC-GWG

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________________
______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ $40 .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ ______________ .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________________
*Server's signature*

______________________________________________
*Printed name and title*

______________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print | Save As... | Add Attachment | Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Case 1:25-cv-06259-ALC-GWG Document 58 Filed 11/17/25 Page 4 of 7

# ATTACHMENT A

## DEFINITIONS

a) **Documents:** The term "Documents" is used in its broadest sense to mean all forms of recorded or written material. This includes, but is not limited to, written records and electronically stored information such as letters, emails, text messages, instant messages, social media messages or posts, memoranda, reports, notes, calendars, photographs, audio recordings, video recordings, and any other tangible record or data compilation – whether stored on paper, electronically, or in any other format within the meaning of Fed. R. Civ. P. 34(a).

b) **Communications:** The term "Communications" means any exchange of information between two or more persons by any means. This includes, without limitation, oral conversations (whether face-to-face or by telephone or videoconference), written correspondence, emails, text or chat messages, and communications via social media or other messaging platforms. "Communications" encompasses both internal communications (for example, among Defendant's officers, owners, employees, or agents) and external communications (for example, with persons or entities outside of the Defendant).

c) **Incident:** The term "Incident" refers to the physical assault of Plaintiff Carissa Byers by Pedro Angel on or around June 3, 2024 at Tex's Chicken and Burgers located at 3486 Broadway, New York, NY 10031.

## INSTRUCTIONS

a) **Time Period**: Unless otherwise specified below, the time period covered by these requests is from June 1, 2022 through the present.

b) **ESI Format**: Produce electronically stored information in its native format with all metadata intact or, if native production is impossible, in reasonably usable TIFF/PDF format accompanied by load files that preserve searchable text and metadata.

c) **Privilege Log**: If any responsive material is withheld on the basis of privilege, provide a privilege log identifying, for each item, the date, author, recipients, subject, and the specific privilege asserted.

d) If any document responsive to the Requests herein has been destroyed, discarded or otherwise disposed of, identify that document and provide the following information concerning that document: (a) type of document; (b) date of document; (c) date of disposal; (d) reason for disposal; (e) person authorizing the disposal; and (f) person disposing of the document.

e) If there are no responsive documents to any particular Request, state so in writing.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1**:

All Documents and Communications that refer, relate, or pertain to Plaintiff Carissa Byers, Defendant Pedro Angel, or to any of the allegations in the Complaint filed in this action (a copy of the Complaint is attached hereto and incorporated by reference).

**DOCUMENT REQUEST NO. 2**:

All Documents and Communications concerning the Incident, including but not limited to any photographs, videos, or audio recordings taken on or around June 3, 2024.

Case 1:25-cv-06259-ALC-GWG Document 58-1 Filed 11/17/25 Page 6 of 7

**DOCUMENT REQUEST NO. 3**:

All Documents and Communications concerning any report made to any Defendant or manager (including In Suk) regarding the Incident.

**DOCUMENT REQUEST NO. 4**:

All Documents and Communications concerning any action, or inaction, taken by P.J. Clarke's or any of its employees (including Philip Scotti and In Suk) in response to the Incident, including any instructions by management to delay reporting the Incident to Human Resources.

**DOCUMENT REQUEST NO. 5**:

All Documents and Communications between You and Defendant Pedro Angel.

**DOCUMENT REQUEST NO. 6**:

All Documents and Communications concerning Defendant Pedro Angel's conduct toward, or interactions with, female employees or patrons at P.J. Clarke's.

**DOCUMENT REQUEST NO. 7**:

All Documents and Communications concerning Defendant Philip Scotti's or manager In Suk's treatment of Plaintiff Carissa Byers, including but not limited to any interactions, discipline, scheduling decisions, or physical touching.

**DOCUMENT REQUEST NO. 8**:

All Documents and Communications between You and any other employee or manager of P.J. Clarke's concerning the Incident, Defendant Pedro Angel, or Plaintiff Carissa Byers.

**COMPLIANCE**

Produce the requested documents electronically, in accordance with these Instructions, by December 1, 2026. Failure to comply may result in contempt of court or other legal penalties.

Dated: November 17, 2026
New York, New York

**RISSMILLER PLLC**

By: */s/ Jazly Liriano*
Jazly Liriano
5 Pennsylvania Plaza, 19th Floor
New York, NY 10001
T: (646) 248-7811
jliriano@rissmiller.com

*Attorneys for Plaintiff Carissa Byers*